**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

———————————

FIRSTENERGY SOLUTIONS CORP., FIRSTENERGY GENERATION, LLC,
*Plaintiffs - Appellees*,

OFFICIAL COMMITTEE OF UNSECURED CREDITORS; AD HOC
NOTEHOLDERS GROUP; PASS-THROUGH CERTIFICATEHOLDERS
*Intervenor Plaintiffs - Appellees*

v.

FEDERAL ENERGY REGULATORY COMMISSION
*Defendant - Appellant*

OHIO VALLEY ELECTRIC CORP., ET AL.,
*Intervenor Defendants - Appellants*.

———————————

On Appeal from the United States Bankruptcy Court
Northern District of Ohio, Eastern Division
Nos. 18-ap-05021 and 18-50757-amk

———————————

**MOTION OF THE ENVIRONMENTAL LAW AND POLICY CENTER,
OHIO CITIZEN ACTION, OHIO ENVIRONMENTAL COUNCIL AND
ENVIRONMENTAL DEFENSE FUND
TO INTERVENE AS DEFENDANTS-APPELLANTS**

———————————

GODFREY & KAHN, S.C.
Brady C. Williamson
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
BWilliamson@gklaw.com

ENVIRONMENTAL LAW &
POLICY CENTER
Howard A. Learner
  *Counsel of Record*
Margrethe Kearney
Andrene E. Dabaghi
35 East Wacker Dr., Suite 1600

Chicago, IL 60601
Phone: (312) 673-6500
Fax: (312) 795-3730
HLearner@elpc.org

*Attorneys for Movants and*
*Proposed Intervenors-Appellants*

# TABLE OF CONTENTS

INTRODUCTION ..................................................................................................1

FACTUAL BACKGROUND .................................................................................2

ARGUMENT ........................................................................................................5

I.      Citizen Organizations Are Entitled To Intervene As A Matter of Right Under Federal Rule of Civil Procedure 24(a)...........................................................5

    A.  The Motion To Intervene Is Timely. .............................................................6

    B.  Movants Have A Substantial Legal Interest In This Case. ..........................7

    C.  Movants' Interests Will Be Impaired In the Absence of Intervention........10

    D.  Parties Already Before This Court May Not Adequately Represent Citizen Organizations' Interests. ..................................................................................11

II.     Alternatively, Citizen Organizations Should Be Granted Permissive Intervention Under Federal Rule Of Civil Procedure 24(b)..........................12

CONCLUSION ...................................................................................................13

# TABLE OF AUTHORITIES

**Cases**

*Blount-Hill v. Zelman*
  636 F.3d 278 (6th Cir. 2011) ....................................................................6

*Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790 (6th Cir. 2010) ........................7

*Linton v. Comm'r of Health & Env't*
  973 F.2d 1311 (6th Cir. 1992) .................................................................11

*Michigan State AFL-CIO v. Miller*
  103 F.3d 1240 (6th Cir. 1997) .......................................................... 7, 10, 12

*Ne. Ohio Coal. for Homeless v. Blackwell*
  467 F.3d 999 (6th Cir. 2006) ............................................................ 5, 6, 7

*Stupak-Thrall v. Glickman*
  226 F.3d 467 (6th Cir. 2000) ...................................................................6

*Trbovich v. United Mine Workers of Am.*
  404 U.S. 528 (1972) ...........................................................................11

*United States v. City of Detroit*
  712 F.3d 925, 930 (6th Cir. 2013) ...........................................................12

**Administrative Proceedings**

*Ohio Valley Electric Corp. v. FirstEnergy Solutions Corp.*, No. EL18-135
  (F.E.R.C. 2018) .............................................................................9–10

**Rules**

Federal Rules of Civil Procedure
  Rule 24 ............................................................................. 1, 5, 12, 13

Federal Rules of Appellate Procedure
  Rule 27 ........................................................................................1

# INTRODUCTION

The Environmental Law & Policy Center (ELPC), Ohio Citizen Action (OCA), Ohio Environmental Council (OEC) and Environmental Defense Fund (EDF) (collectively, the "Citizen Organizations"), by their attorneys, timely move to intervene in this appeal pursuant to Fed. R. Civ. P. 24, Fed. R. App. P. 27, and 6 Cir. R. 27. Citizen Organizations seek to challenge the United States Bankruptcy Court's decision to enjoin the Federal Energy Regulatory Commission's (FERC) authority to review the Debtor's rejection of the Inter-Company Power Agreement (the ICPA), a contract between the Debtors and members of the Ohio Valley Electric Corporation (OVEC). Citizen Organizations have an interest in the following issues on appeal:

(1) Whether a bankruptcy court has power to displace FERC's authority under the Federal Power Act to regulate wholesale power agreements in light of the police and government power exception to the automatic stay; and

(2) What standard of review should be applied to rejection of an inter-company power contract.

Citizen Organizations have substantial legal interests in both issues on appeal reflecting their series of direct interests: their involvement as parties in interest before the Bankruptcy Court, their involvement in the very FERC proceeding enjoined by the Bankruptcy Court, the direct effect of the ICPA and

1

other wholesale energy contracts on Citizen Organizations' members, and their interests in promoting affordable, clean renewable energy and energy efficiency. The Citizen Organizations' interests in the resolution of these issues on appeal may be impaired if they are not permitted to intervene. The current parties to this appeal do not fully and adequately represent the Citizen Organizations' interests in these issues.

## FACTUAL BACKGROUND

### The Preliminary Injunction

On May 11, 2018, the Bankruptcy Court held that it had exclusive jurisdiction over the Inter-Company Power Agreement and issued a *Preliminary Injunction Against the Federal Energy Regulatory Commission* [Adv. Proc. Docket No. 114] (the "Preliminary Injunction"). On May 18, 2018, the Bankruptcy Court issued a *Memorandum Decision Supporting Order Granting Preliminary Injunction* [Adv. Proc. Docket No. 125] (the "Memorandum"). The Preliminary Injunction enjoined FERC "from taking any action or asserting any jurisdiction that would interfere with [the Debtors'] right to seek authority to reject [the ICPA] pursuant to [11 U.S.C. § 365(a)]." Memorandum at 12. The Court held that the Debtors' rejection of the ICPA did not fall within FERC's jurisdiction over wholesale power agreements.

On May 31, 2018, OVEC filed a *Notice of Appeal* [Adv. Proc. Docket No. 127] and a *Motion to Certify Preliminary Injunction Order for Direct Appeal to the United States Court of Appeals for the Sixth Circuit* [Adv. Proc. Docket No. 129]. The Bankruptcy Court certified that direct appeal on June 13, 2018 [Adv. Proc. Docket 146]. On August 14, 2018, this Court granted a request made by FERC, OVEC and Krayn Wind to authorize the certified appeal under 28 U.S.C. § 158(d)(2).

The Citizen Organizations have taken care to avoid violation of the automatic stay under Chapter 11 on actions involving Debtors. *See* 11 U.S.C. § 362(a). For example, ELPC, one of the Citizen Organizations, has a citizen petition pending before the United States Nuclear Regulatory Commission contending that there are potential shortfalls in the Debtors' nuclear plant decommissioning trust funds. Following a hearing, the Nuclear Regulatory Commission accepted for review all of the requests for action and is now conducting a staff review. On August 20, 2018, the Bankruptcy Court thus entered a Second Stipulation and Agreed Order [18-50757-amk Docket No. 1178] (the "Second Stipulation Order") between Debtors and Citizen Organizations. A key exception to the automatic stay, recognized by this Court, is the "police or regulatory powers" exception that "allow[s] governmental agencies to remain unfettered by the bankruptcy code in the exercise of their regulatory powers." *In*

*re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir. 1988). This governmental exception predicates FERC's core authority and its ability to exercise that authority.

The Rejection Order

On August 9, 2018, the Bankruptcy Court issued an *Order Authorizing the Debtors to Reject a Certain Multi-Party Intercompany Power Purchase Agreement* [18-50757-amk Docket No. 1118], which upheld Debtors' decision to reject the ICPA under the business judgment standard. On the same day, OVEC filed a *Notice of Appeal* [18-50757-amk Docket No. 1122] and a separate *Motion to Certify Order for Direct Appeal to the Sixth Circuit* [18-50757-amk Docket No. 1123]. The Bankruptcy Court granted the certification on August 31, 2018 [18-50757-amk Docket No. 1262]. On November 5, 2018, this Court granted OVEC's request to authorize the certified appeal under 28 U.S.C. § 158(d)(2), and consolidated the appeal of the Preliminary Injunction [18-3787; 18-3788] with the appeal of the Rejection Order [18-4095, 18-4097].

On September 17, 2018, the Citizen Organizations objected to Debtors' motion to approve a settlement agreement under Bankruptcy Rule 9019 [18-50757-amk Docket No. 1383]. The Citizen Organizations litigated these objections at the September 25, 2018 hearing on Debtors' motion in the Bankruptcy Court.

If intervention is granted, the Citizen Organizations will contend that the Bankruptcy Court's judgment on the Preliminary Injunction issue should be reversed, and that the jurisdictional determination and standard of review applied in the Rejection Order should be reversed.

## ARGUMENT

### I. Citizen Organizations Are Entitled To Intervene As A Matter Of Right Under Federal Rule Of Civil Procedure 24(a).

Citizen Organizations are entitled to intervene in this appeal as a matter of right under Federal Rule of Civil Procedure 24(a), which applies to this requested intervention in an appeal. *See Ne. Ohio Coal. for Homeless v. Blackwell*, 467 F.3d 999, 1006–07 (6th Cir. 2006) (applying Fed. R. Civ. P. 24(a) to intervention at the appellate stage). Under Rule 24(a), courts are required to allow intervention when the proposed intervenor claims an interest in the action "and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Citizen Organizations have important interests that may be impaired and that will not be adequately represented by any other party. These substantial legal interests include Citizen Organizations' involvement in the FERC proceeding enjoined by the Bankruptcy Court and involvement in the Nuclear Regulatory Commission proceeding, the direct effect of the terms of the ICPA on Citizen Organizations' members, and their interests in promoting affordable, clean

renewable energy and energy efficiency.

This Court has interpreted Rule 24(a)(2) to establish four elements for intervention: (1) the application to intervene is timely; (2) the proposed intervenor has a substantial legal interest in the case, (3) the proposed intervenor's ability to protect that legal interest in the absence of intervention would be impaired; and (4) the parties already before the court would not adequately represent the proposed intervenor's interest. *See Ne. Ohio Coalition for the Homeless*, 467 F.3d at 1007. Citizen Organizations satisfy all four requirements.

## A. The Motion To Intervene Is Timely.

This Motion is timely filed "in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000). This Court considers timeliness on the basis of five factors, all of which are satisfied by the Citizen Organizations: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the motion during which the intervenor knew or reasonably should have known of her interest in the case; (4) the prejudice to the original parties due to the intervenor's failure to seek intervention sooner; and (5) any unusual circumstances weighing for or against intervention. *See Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011).

The Citizen Organizations' Motion is being filed only 25 days after the Sixth

Circuit consolidated both appeals from the Bankruptcy Court. This Court finds a motion "timely as a matter of law" when the case remains in its "initial stage." *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997). At the appellate level, a motion filed shortly after the appeal is deemed "timely." *See Ne. Ohio Coal*, 467 F.3d at 1007; *see also Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790 (6th Cir. 2010) (successful motion to intervene filed before appellants' opening brief deadline). Citizen Organizations filed this Motion promptly after this Court granted the Petition for Leave to Appeal in Case No. 18-311 and consolidated it with the direct appeal of the preliminary injunction order in Case Nos. 18-3787 and 18-3788. Additionally, this Court has not yet been briefed on the merits. At the time of Citizen Organizations filing this Motion, a briefing schedule has not been set. Therefore, the original parties to this appeal will suffer no prejudice due to the short length of time since this appeal was accepted.

### B.    Movants Have A Substantial Legal Interest In This Case.

Citizen Organizations have a substantial legal interest in both of the two issues on appeal: (1) a bankruptcy court's power to displace FERC's authority under the Federal Power Act, and (2) the standard of review applied to the rejection of an inter-company power contract. The Bankruptcy Court has recognized this substantial legal interest of the Citizen Organizations. In the Second Stipulation Order dated August 20, 2018 between Debtors and Citizen

Organizations, 18-50757-amk Docket No. 1178, Debtors acknowledged that the Citizen Organizations all "regularly intervene in state regulatory proceedings involving, among other issues, proposed cost recovery for utility shares in the Ohio Valley Electric Corporation." Second Stipulation Order at 4.

ELPC is a not-for-profit advocacy organization dedicated to protecting the Midwest's environment, natural resources, and public health in ways that achieve environmental progress and economic growth together. ELPC promotes clean renewable energy, including solar and wind, energy efficiency and fair electricity rates and charges. ELPC has offices and staff in Illinois, Ohio and other Midwestern states. ELPC engages in legal advocacy before state and federal courts and regulatory agencies, including the Public Utilities Commission of Ohio, in cases involving FirstEnergy and other Ohio utilities.

Ohio Citizen Action is an Ohio non-profit organization with 30,000 members. It organizes and mobilizes residents to advocate for public health, environmental quality, and consumer protection, working extensively to keep electricity costs low for consumers. OCA engages in advocacy including campaigns, ballot initiatives, and field organizing to connect Ohioans and build movements to protect their health, rights and interests. OCA has longstanding involvement with FirstEnergy utility cases and issues.

Ohio Environment Council is an Ohio non-profit organization with

thousands of individual members throughout the state. OEC seeks to secure clean air, land and water for Ohio citizens. OEC has often intervened in FirstEnergy cases before the Public Utilities Commission of Ohio and courts to ensure the utility's applications and planning include cost effective implementation of new technologies for energy efficiency. OEC has also intervened in recent cases filed by FirstEnergy and its subsidiaries related to their responsibilities as an OVEC co-owner.

Environmental Defense Fund is a national non-profit organization representing more than 355,000 members nationwide. Since 1967, EDF has linked science, economics and law to create innovative, equitable and cost-effective solutions to the most urgent environmental problems. Protecting public health and the environment from contaminants, including greenhouse gases, is a core organizational mission, as is protecting land, soil, and forestry resources. EDF regularly participates in regulatory and judicial proceedings at the federal and state level and actively advocates for policies to protect land, soil, and forestry resources. EDF has intervened in FirstEnergy cases before the Public Utilities Commission of Ohio.

Citizen Organizations have a substantial legal interest in the first issue on appeal because they are directly involved in the FERC proceeding enjoined by the Bankruptcy Court. On March 26, 2018, OVEC filed a complaint with FERC

requesting that the Commission find that FirstEnergy was prohibited from terminating its obligations under the ICPA.  *See Ohio Valley Electric Corp. v. FirstEnergy Solutions Corp.*, No. EL18-135 (F.E.R.C. 2018).  On April 16, 2018, ELPC filed a petition to intervene in the FERC proceeding.  Because ELPC is involved in this FERC proceeding, it has a substantial legal interest in whether this Court chooses to uphold or reverse the Bankruptcy Court displacing FERC's jurisdiction over this controversy.

Citizen Organizations also have a substantial legal interest in the second issue on appeal because their members are impacted by the terms of wholesale electric contracts.  Citizen Organizations therefore have a stake in the standard of review that this Court chooses to apply to rejection of such a contract.

Furthermore, Citizen Organizations have an interest in facilitating a transition towards affordable, clean renewable energy and energy efficiency. Consistent application of the appropriate public interest standard by FERC is important to the Citizen Organizations' interests in promoting clean energy and protecting their members and consumers from bearing the financial burden of continued operations of economically uncompetitive coal plants.

**C.     Movants' Interests Will Be Impaired In The Absence Of Intervention.**

Citizen Organizations' interests will be impaired if they are not permitted to intervene.  This Court applies an "expansive notion of the interest sufficient to

invoke intervention of right." *Mich. State AFL-CIO*, 103 F.3d at 1245. "[A] would-be intervenor must show only that impairment of its substantial legal interest is possible if intervention is denied." *Id*. at 1247. Citizen Organizations meet this expansive standard.

Citizen Organizations' interests in protecting FERC's jurisdiction over wholesale power contracts may be impaired absent intervention. As an intervenor in the FERC proceeding, ELPC would have been able to advocate for its members before FERC. ELPC therefore has an interest in ensuring that FERC is permitted to exercise its statutory authority over the ICPA. ELPC's ability to protect its members would be impeded if this Court determines that FERC does not have jurisdiction over the ICPA and/or that the public interest standard does not apply.

### D. Parties Already Before This Court May Not Adequately Represent Citizen Organizations' Interests.

Under Federal Rule of Civil Procedure 24(a), when a movant seeks to show that the parties already before the court are unlikely to adequately represent their interests, "the burden of making that showing should be treated as minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972). The applicant meets this minimal burden merely by "show[ing] that representation of his interest 'may be' inadequate." *Id. See also Linton v. Comm'r of Health & Env't*, 973 F.2d 1311, 1319 (6th Cir. 1992).

The existing parties may not adequately represent the interests of Citizen

11

Organizations concerned with protecting consumers from rate increases and promoting clean energy and protecting the environment. As non-profit public interest organizations, Citizen Organizations advocate for environmental interests including clean air and energy efficiency. Conversely, OVEC, by definition, is principally concerned with protecting its own profits. Because of these divergent interests, OVEC's legal advocacy will not appropriately represent the interests of Citizen Organizations.

Citizen Organizations therefore satisfy all four requirements to intervene as a matter of right under Federal Rule of Civil Procedure 24(a).

## II.   Alternatively, Citizen Organizations Should Be Granted Permissive Intervention Under Federal Rule Of Civil Procedure 24(b).

In the alternative, Citizen Organizations meet the standards for permissive intervention under Rule 24(b), which applies to intervention in an appeal. *See United States v. City of Detroit*, 712 F.3d 925, 930 (6th Cir. 2013). This Rule provides that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).

First, as described above, this Motion is timely. It was filed before any meaningful post-appeal activity has taken place, including the setting of a briefing schedule. *See Michigan State AFL-CIO*, 103 F.3d at 1245 (a motion to intervene is timely when the case is in its initial stage).

Second, Citizen Organizations' claims share "common questions" of law and fact with Appellants' action before this Court. Fed. R. Civ. P. 24(b)(1)(B). The questions that Citizen Organizations would address are presented in Appellants' lawsuit, and resolution of these claims with respect to both the preliminary injunction order and the rejection of the ICPA would have an impact on Citizen Organizations and their members.

Finally, Citizen Organizations' intervention would not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The questions that Citizen Organizations seek to address are the questions already under consideration by the Court. Intervention also imposes no delay on parties, given that the consolidated appeal was granted 25 days ago, prior to the Court setting a briefing schedule.

## CONCLUSION

For the foregoing reasons, the Court should grant the Proposed Intervenors-Appellants' Motion to Intervene.


Dated: November 30, 2018        s/ Howard A. Learner

            ENVIRONMENTAL LAW &
            POLICY CENTER
            Howard A. Learner
             *Counsel of Record*
            Margrethe Kearney
            Andrene E. Dabaghi
            35 East Wacker Drive, Suite 1600

Chicago, IL 60601
(312) 673-6500
hlearner@elpc.org

GODFREY & KAHN, S.C.
Brady C. Williamson
One East Main Street, Suite 500
Madison, WI 53703
Phone: 608-257-3911
Fax: 608-257-0609
bwilliamson@gklaw.com

*Attorneys for Movants and Proposed Intervenors-Appellants*

## CERTIFICATE OF COMPLIANCE
## WITH RULE 32(a)

1.  This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 2,747 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2.  This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in a proportionally spaced typeface using Microsoft Word 2016 with 14-point Times New Roman font.


Dated: November 30, 2018                    s/ Howard A. Learner
                                            Howard A. Learner

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2018, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the CM/ECF system. I certify that service will be accomplished via CM/ECF on all registered counsel of record, and via electronic mail and U.S. mail upon the following:

Tiiara N. A. Patton ust401
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, OH 44114
(216) 522-7800
tiiara.patton@usdoj.gov

***United States Trustee***

Risa Lynn Wolf-Smith
Holland & Hart LLP
555 Seventeenth Street, Suite 3200
P.O. Box 8749
Denver, CO 80201-8749
303-295-8011
rwolf@hollandhart.com

***Counsel for Allegheny Ridge Wind Farm, LLC***

Kelly DiBlasi
Matthew S. Barr
John P. Mastando III
Robert M. Swenson
Weil, Gotshal & Manges LLP
767 Fifth Avenue

New York, New York 10152-0119
212-310-8000
kelly.diblasi@weil.com
matt.barr@weil.com
john.mastando@weil.com
robert.swenson@weil.com

***Counsel for Krayn Wind LLC***

s/ Howard A. Learner
Howard A. Learner